Swing, J.
We are of the opinion that the village of Hyde Park had the right to condemn the property in question for street purposes, and to condemn the right to only make a cut on the property condemned to a particular grade, and that in this cause, by reason of the proceedings herein the village had only condemned the right to make a cut of five feet on the property condemned; and the jury having found by their special verdict that there will be no damage to the residue of the property taken if no cut is made on the premises to a depth greater than five feet, judgment'should be entered in this court for the amount found due the defendant,Grant,for the value of the property taken, and the judgment of the court of common pleas should be reversed. The judgment entry in this oourt should find that the village by this proceeding only condemned the right to make a cut of five feet on the premises condemned, so that the rights of the defendant, Grant, may be fully protected.
Section 2235, Revised Statutes, provides that when it is deemed necessary by a municipal corporation to appropriate private property,it shall order,by a yea and nay vote,a resolution declaring such intent, in which Bhall be defined the purpose of such appropriation, and setting forth a pertinent description of the property designed to be appropriated,
Section 2244, Revised Statutes, provides that the corporation may be required to file a more full and accurate description of the property to be taken and the object proposed, and maps, plats and surveys, if in the opinion of the court the same are proper and necessary.
It seems to us that these sections contemplate that the village should designate just what it desires to appropriate so that it may know what it is acquiring by the appropriation, and the owner may know what he is parting with. In the case where land is appropriated for a street, in the absence of any declaration by the village as to what the grade will be, no doubt the condemnation of the property will carry with it the right to make a reasonable grade; but where the grade is fixed and the appropriation is made with a view to the grade as thus fixed, the village can acquire nothing more in that condemnation proceeding than to make a grade in accordance with the grade as thus fixed.
Edward Colston, Wallace Burch and J. M. Walsh, for the Village.
John C. Healy and E. H. Kinney, contra.
This is eminently fair and jusf to both the village and the property holder. The village should have the right to condemn only that which it wants, and the property owner should receive pay for all that he parts with, and nothing more.
It is claimed that the village in this case has not in a proper manner limited its right to make a cut to a greater depth than five feet. But we think it has. We do not think it was necessary to provide by ordinance that the village only sought to condemn the right to make a cut of more than five feet. Not having provided in the ordinance or resolution as to what depth the street was to be graded, the village had the right to come into court and say what it intended to take, and the court had the right to require the village to do it; but the passage of the ordinance, taken in connection with the proceedings in court, certainly limits the right of the village to make a cut of not more than five feet; and the judgment rendered by us in place of the óne rendered by the court of common pleas will certainly protect the right of the property owner against any future claim of the village whatever to make a cut to a greater depth than five feet.